UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>United States of America</u>

    v.                             Criminal No. 07-cr-229-01-SM

<u>Tony Rosas</u>

**<u>O R D E R</u>**

On October 13 and 14, 2011, defendant appeared for a preliminary hearing under Fed. R. Crim. P. 32.1(b)(1), and bail hearing under 32.1(a)(6), on two alleged violations of conditions of supervision, as charged in the government's petition dated February 18, 2011 (doc. no. 55).  Defendant is on release from his conviction in 2009 for Distribution of Cocaine, in violation of 21 U.S.C. § 841(a).

The government alleges that, while on supervised release, defendant violated the conditions of his release by committing the crime of Felonious Sexual Assault in violation of NH Rev. Stat. Ann. § 632-A:3.  At the close of the hearing, the defendant waived the preliminary hearing, thereby conceding that the government's evidence was sufficient to establish probable cause that he had violated the conditions as charged in the petition.

1

Defendant's primary contention was that he should be released pending his revocation hearing.  The government sought detention.  Under Rule 32.1(a)(6), defendant bears the burden of establishing by clear and convincing evidence that he will not flee and that he poses no danger to any other person or to the community.  The court issued its ruling orally from the bench.  The court incorporates its oral ruling herein, and for the reasons stated on the record, finds that defendant did not meet his burden to show by clear and convincing evidence that his release, even on strict conditions, would pose no danger to any other person or the community.  Accordingly, it is **ORDERED** that the defendant be detained pending a final revocation hearing.

   The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United

States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: October 14, 2011

cc:   Bruce Kenna, Esq.
      Terry Ollila, Esq.
      U.S. Marshal
      U.S. Probation